IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMA BRANA ) | |
| ) | Case No.: 17 Civ. |
| Plaintiff, ) | Judge |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| PORT AUTHORITY TRANS-HUDSON CORP. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF REQUESTS TRIAL BY JURY**

Plaintiff, Norma Brana, by way of Complaint against Defendant, states as follows:

1. This action is commenced against Defendant Port Authority Trans-Hudson Corp. ("PATH") pursuant to an Act of Congress known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq.

Parties

2. Plaintiff, Norma Brana, is an individual residing in Lutz, Florida, and at the time of the incidents complained of herein was employed by Defendant PATH as a Passenger Information Agent.

3. Defendant PATH is a wholly owned subsidiary of The Port Authority of New York and New Jersey, duly authorized by the Laws of the State of New York and the Laws of the State of New Jersey, and that the parent, The Port Authority of New York and New Jersey, is a body corporate and politic created by a Compact between the States of New York and New Jersey, with the consent of the Congress of the United States.

4. Defendant PATH is a railroad corporation organized and existing under and by virtue of the laws referred to above, and as such is engaged as a common carrier by rail in interstate commerce, owning, operating and maintaining an interstate railroad system including property, tracks, and other railroad facilities within the State of New Jersey and within the jurisdiction of this Court, with its principal place of business located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007.

JURISDICITON AND VENUE

5. This action is commenced, in part, pursuant to an Act of Congress known as the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §51 et seq.

6. This Court has jurisdiction over this matter pursuant to 45 U.S.C. §56.

7. The incidents giving rise to Plaintiff's claims for relief occurred within the jurisdiction of this Court, and Defendant regularly conducts business within the jurisdiction of this Court.

8. At all pertinent times stated herein, all or part of the duties of Plaintiff, as an employee of Defendant PATH, were in furtherance of interstate commerce, or directly, closely and substantially affected such commerce.

FACTUAL ALLEGATIONS

9. On or about February 15, 2014, Plaintiff reported to work at PATH's facility in Jersey City, New Jersey. As she exited her car in the parking lot of C Yard, she immediately slipped and fell on black ice, landing on her right side. As she tried to get to her feet, she slipped on the ice and fell a second time, this time landing on her left side.

10. Defendant PATH knew, or in the exercise of reasonable care should have known, that the area of its parking where Plaintiff fell collected water, and on cold days was unreasonably dangerous unless the area was properly maintained.

11. As a result of the incident described above, Plaintiff suffered injuries to her whole body, including but not limited to her upper extremities, her right leg, right shoulder region, and her back and spine.

12. The injuries suffered by Plaintiff required ongoing medical care and treatment, and will with reasonable certainty require additional medical treatment in the future.

13. In treatment of said injuries, Plaintiff incurred medical and hospital expenses in the past and will, with reasonable certainty, incur such expenses in the future.

14. As a result of the incident, Plaintiff also suffered mental and emotional injury, and will with reasonable certainty suffer from such injury in the future.

15. All of said injuries have caused Plaintiff pain, suffering and mental anguish and will, with reasonable certainty, continue in the future and be permanent.

16. As a result of the incident, Plaintiff lost income that she otherwise would have earned and will, with reasonable certainty, lose such income in the future.

CLAIM FOR RELIEF
Federal Employers' Liability Act – Incident 1

17. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 16 of this Complaint as if fully rewritten herein.

18. Defendant PATH, as a common carrier by rail and as Plaintiff's employer at the time of the subject incident, has a non-delegable duty to provide Plaintiff with a safe place to work.

19. The injuries suffered by Plaintiff on February 15, 2014, as described herein, were caused, in whole or in part, by the negligence of Defendant PATH and/or its agents and employees, including, but not limited to, failing to provide Plaintiff with a reasonably safe place to work, failing to properly maintain its premises, failing to provide adequate warning, and failing to provide sufficient training and instruction.

20. As a result of said negligence, Plaintiff has suffered damages as more fully set forth herein, including pain, suffering and mental anguish, hospital and medical expenses, and lost income that she otherwise would have earned. All of said damages were incurred in the past, and will with reasonable certainty be incurred in the future and may be permanent.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Norma Brana demands judgment against the Defendant, Port Authority Trans-Hudson Corporation, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) which a jury shall determine will fully, fairly, and reasonably compensate her for her injuries, losses and damages, plus interest and the cost of this action.

Respectfully submitted,

By: _____
MARC WIETZKE
Flynn & Wietzke, P.C.
1205 Franklin Ave., Suite 370
Garden City, N.Y. 11530
T: (516) 877-1234
F: (516) 877-1177
mwietzke@felaattorney.com